IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEWIS LEROY MCINTYRE, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN HAROLD MAY, <br><br> Respondent. | CASE NO. 5:25-CV-01226-DAR <br><br> JUDGE DAVID A. RUIZ <br><br> MAGISTRATE JUDGE DARRELL A. CLAY <br><br> **REPORT AND RECOMMENDATION** |

On June 11, 2025, Lewis Leroy McIntyre, Jr., a state prisoner in custody at the Mansfield Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #1). The District Court has jurisdiction over this matter under § 2254(a). The District Court ordered briefing on whether the petition is a second or successive petition under 28 U.S.C. § 2244(b). (ECF #3). At the conclusion of briefing (*see* ECF #6, 7), pursuant to Local Civil Rule 72.2, the District Court referred this matter for a Report and Recommendation "on the issue of whether Petitioner's current habeas petition should be transferred to the Sixth Circuit Court of Appeals as a second or successive petition." (Non-document entry of Oct. 17, 2025). For the reasons that follow, I conclude the petition is "second or successive" and recommend the District Court **TRANSFER** the petition to the Sixth Circuit for authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A).

PROCEDURAL BACKGROUND

Mr. McIntyre's petition challenges the judgment of conviction and sentence in Summit County Common Pleas Court Case No. CR-91-01-0135. (ECF #1 at PageID 1). He previously

1

challenged the same state-court judgment in a prior application for federal habeas relief. (*See McIntyre v. Schweitzer*, No. 5:20-cv-2577 (N.D. Ohio Mar. 14, 2025), ECF #1 at PageID 1). In his first petition, Mr. McIntyre initially raised six grounds for relief:

> **Ground One**: McIntyre's due process rights under the 14th Amendment, per *Brady v. Maryland*, 373 U.S. 83, 87 (1963), were violated when the State failed to disclose to his trial counsel the police reports naming Tyrone Howard as a suspect and having a direct involvement in the incidents that McIntyre was convicted of.
>
> **Ground Two**: McIntyre's rights to due process and equal protection under the 14th Amendment were violated as his statutory right, under O.R.C. § 2953.02, to direct appellate review of his February 3, 2016 judgment of conviction, was frustrated by the Ninth District Court of Appeals, sua sponte and without advance notice or warning, arbitrarily and capriciously refusing to address his assignments of error on the merits.
>
> **Ground Three**: McIntyre's rights to due process and equal protection under the 14th Amendment were violated as his statutory right, under O.R.C. § 2953.02, to direct appellate review of his February 3, 2016 conviction, was frustrated by the trial court destroying his trial exhibits, thereby depriving him of a complete record for appellate review.
>
> **Ground Four**: McIntyre's right to a fair trial under the 14th Amendment was violated because of an accumulation of multiple and persistent errors.
>
> **Ground Five**: McIntyre's right to effective assistance of counsel under the 6th Amendment was violated. Trial counsel failed to subpoena three witnesses.
>
> **Ground Six**: McIntyre's prison sentence is in excess of the statutory maximum HB 86, which he was entitled to be sentenced under when the trial court cranked out a final appealable order in 2016. This violates the 4th Amendment and Due Process and Equal Protection Clauses of the 14th Amendment.

(*Id.*, ECF #1 at PageID 17-27).

Respondent Harold May, then-Warden of the Mansfield Correctional Institution (hereinafter the State), noted Mr. McIntyre's petition contained a mix of unexhausted and exhausted claims (a "mixed" petition) and requested the district court stay the case and hold the matter in abeyance for Mr. McIntyre to exhaust all his federal claims in the state courts. (*Id.*, ECF

#21). I stayed the matter and, over Mr. McIntyre's objection, the district court upheld my order. (*Id.*, ECF #24). Mr. McIntyre then moved to dismiss five of the six grounds for relief and requested I lift the stay to consider the remaining claim. (*Id.*, ECF #34). In short, Mr. McIntyre wished to withdraw his unexhausted claims to pursue the sole exhausted claim. After confirming Mr. McIntyre understood that voluntary withdrawal of those five claims might prevent him from pursuing them on habeas review again, even if subsequently exhausted in the state courts (*see id.*, ECF #35), I lifted the stay and ordered Mr. McIntyre to file an amended petition asserting the remaining claim for relief (*id.*, ECF #36). In my Report and Recommendation, I recommended dismissing Mr. McIntyre's petition as untimely and, alternatively, denying the sole claim for relief. (*Id.*, ECF #47). The district judge adopted my report and recommendation and dismissed the petition. (*Id.*, ECF #54; *see also McInture v. Schweizer*, No. 5:20-cv-02577, 2025 WL 809963 (N.D. Ohio March 14, 2025)).

## FEDERAL HABEAS PETITION

In the instant petition, Mr. McIntyre reasserts four of his previously withdrawn claims (Grounds One, Three, Four, and Five) and raises an adjacent claim of appellate court error in a postconviction proceeding (Ground Two):

> **Ground One**: McIntyre's due process rights under the 14th Amendment, per *Brady v. Maryland*, 373 U.S. 83, 87 (1963), were violated when the State failed to disclose to his trial counsel the police reports naming Tyrone Howard as a suspect and having a direct involvement in the incidents that McIntyre was convicted of.
>
> **Ground Two**: McIntyre was not obligated under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and its progeny to demonstrate reasonable diligence or that he was unavoidably prevented from discovering the *Brady* violation to deem his PCR petition as timely. State law cannot render a *Brady* claim untimely, thus refuse to hear it, based on any perceived lack of reasonable diligence or unavoidable prevention.

**Ground Three**: McIntyre's rights to due process and equal protection under the 14th Amendment were violated as his statutory right, under O.R.C. 2953.02, to direct appellate review of his February 3, 2016 conviction, was frustrated by the trial court destroying his trial exhibits, thereby depriving him of a complete record for appellate review.

**Ground Four**: McIntyre's right to effective assistance of counsel under the 6th Amendment was violated. Trial counsel failed to subpoena three witnesses.

**Ground Five**: McIntyre's prison sentence is in excess of the statutory maximum HB 86, which he was entitled to be sentenced under when the trial court cranked out a final appealable order in 2016. This violates the 4th Amendment and Due Process and Equal Protection Clauses of the 14th Amendment.

(ECF #1 at PageID 19-29).

## SECOND OR SUCCESSIVE PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Mr. McIntyre's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). As amended by AEDPA, 28 U.S.C. § 2244 restricts a state prisoner's ability to file a "second or successive" habeas petition. 28 U.S.C. § 2244(b). First, a court must dismiss a claim that was "presented in a prior application." *Id.* § 2244(b)(1). Second, a court must dismiss "a claim presented in a second or successive habeas" petition that "was not presented in a prior [petition]" unless one of two circumstances applies: (1) the petitioner "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "[t]he factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* §§ 2244(b)(2)(A), (B).

4

Before filing a second or successive petition in the district court, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider it." *Id.* § 2244(b)(3)(A). The district court has no jurisdiction to consider a second or successive petition without that authorization. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam) ("Burton never sought nor received authorization [...] before filing his [second or successive] petition, so the district court was without jurisdiction to entertain it."). When a prisoner files a second or successive petition without the necessary authorization, district courts in the Sixth Circuit are instructed to transfer the petition to the court of appeals under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The threshold question, and the one before me on the District Court's referral, is whether Mr. McIntyre's petition is "second or successive." *See In re Sims*, 690 F.App'x 809, 810 (6th Cir. 2012) (remanding the matter to the district court to determine in the first instance whether the petition is second or successive).

The second or successive rule applies to a petition filed second-in-time that challenges the same state-court judgment the petitioner challenged in a former petition. *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). The phrase "second or successive" is not defined in the statutory text but "it is well settled that the phrase does not simply 'refe[r] to all § 2254 applications filed second or successively in time.'" *Magwood*, 561 U.S. at 332 (citation omitted); *see also Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar. There are, however, exceptions."). The phrase is a "term of art" that "must be interpreted with respect to the

5

judgment challenged." *Magwood*, 561 U.S. at 332-33. Recently, the Supreme Court restated the sources guiding the second or successive determination:

> First, we have explored historical habeas doctrine and practice. The phrase "second or successive application," we have explained, is "given substance in our prior habeas corpus cases," including those "predating [AEDPA's] enactment." *Slack*, 529 U.S. at 486; *Panetti*, 551 U.S. at 944; *see id.*, at 943 (stating that the phrase "takes its full meaning from our case law"). In particular, we have asked whether a type of later-in-time filing would have "constituted an abuse of the writ, as that concept is explained in our [pre-AEDPA] cases." *Id.*, at 947. If so, it is successive; if not, likely not. Second, we have considered AEDPA's own purposes. The point of § 2244(b)'s restrictions, we have stated, is to "conserve judicial resources, reduc[e] piecemeal litigation," and "lend[ ] finality to state court judgments within a reasonable time." *Id.*, at 945-46 (internal quotation marks omitted).

*Banister v. Davis*, 590 U.S. 504, 512 (2020) (cleaned up).

Those and other cases illustrate how the rule is applied in particular circumstances. In *Rose v. Lundy*, 455 U.S. 509 (1982), a plurality of the Supreme Court held that a when a petitioner files a "mixed petition" for habeas relief—one containing both claims for which the petitioner has exhausted state-court remedies and claims for which he has not (exhausted and unexhausted claims, respectively)—a district court must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510. As the Court explained, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 521.

In *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998), the state prisoner, convicted of two counts of murder and sentenced to death, unsuccessfully challenged his conviction and sentence on direct appeal in the state courts and was denied state habeas relief in multiple petitions. *Id.* at 639-40. He also filed three petitions for federal habeas relief, all of which were dismissed because

6

they pressed claims on which state remedies were unexhausted. *Id.* at 640. In his fourth federal petition, he asserted he was incompetent to be executed, citing *Ford v. Wainwright*, 477 U.S. 399, 410 (1986), where the Supreme Court held that "the Eighth Amendment prohibits a State from inflicting the penalty of death upon a prisoner who is insane." *Id.* Recognizing that a *Ford* claim does not become ripe for consideration until a warrant is issued for the prisoner's execution, the district court dismissed that claim as premature and granted the writ on other grounds. *Id.* The court of appeals reversed but explained that denying the petition was not intended to affect any later litigation of the *Ford* claim. *Id.*

On remand, the prisoner moved to reopen his earlier petition because he feared the newly enacted AEDPA might foreclose that claim. *Id.* The district court denied the motion, explaining it had no intention of treating the *Ford* claim as successive. *Id.* Soon after, the State obtained a warrant for the prisoner's execution and the prisoner pressed his *Ford* claim in the state courts. *Id.* When he moved to reopen his *Ford* claim in the federal district court, the State asserted the court lacked jurisdiction under AEDPA. *Id.* The district court agreed, so the prisoner moved in the court of appeals for permission to file a successive petition under § 2244(b)(3). The court of appeals held that § 2244(b) did not apply to a petition that raises only a *Ford* claim and the prisoner therefore did not need permission to file the petition in the district court. *Id.* at 641. The Supreme Court upheld that judgment. *Id.* at 642. The Court, referring to the dismissal of mixed petitions in *Lundy*, said:

> [N]one of our cases expounding on this doctrine have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust state remedies and returned to federal court, was by such action filing a successive petition. A court where such a petition was filed could adjudicate these claims under the same standard as would govern those made in any other first petition.

7

*Id.* at 644. As the Court reasoned, a *Ford* claim that was previously dismissed as premature "should be treated in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies." *Id.*

In *Slack v. McDonald,* 529 U.S. 473 (2000), the Supreme Court adhered to *Lundy* and *Stewart,* holding that "[a] petition filed after a mixed petition is dismissed under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as "any other first petition" and is not a second or successive petition." *Id.* at 487.

In *Burton v. Stewart,* 549 U.S. 147 (2007), the Supreme Court considered whether a second-in-time petition raising new claims was second or successive. In that case, while state review of the petitioner's sentence was still pending, the petitioner sought federal habeas relief challenging the constitutionality of his convictions. *Id.* at 151. The petitioner used the standard application form that warned applicants to exhaust available state-law remedies for each ground or risk being barred from litigating more grounds later. *Id.* In that form, the petitioner acknowledged his sentence for the conviction he challenged was still under review in the state courts. *Id.* The district court denied relief. *Id.*

Three years later, after the state courts rejected his sentencing challenges, the petitioner filed another federal habeas petition attacking the same judgment but challenging only the constitutionality of his sentence. *Id.* at 151-52. The district court denied the petition and the court of appeals affirmed. *Id.* at 152. Both courts rejected the state's contention that the district court lacked jurisdiction because the petitioner did not obtain authorization from the court of appeals for a second or successive habeas petition under § 2244(b)(3). *Id.* The court of appeals said the

8

petition was not second or successive because his sentencing claims were not ripe for federal habeas review at that time. *Id.* at 153.

On appeal, the Supreme Court determined the petition was second or successive because the petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Id.* at 153. The Court reiterated when a petitioner presents a mixed petition that should be dismissed, the petitioner may either withdraw the mixed petition, exhaust the as-yet-unexhausted claims in state court, and return to the district court with a fully exhausted petition, or proceed only with the exhausted claims. *Id.* at 154 (citing *Lundy*, 455 U.S. at 520-22). As the Court explained, when the petitioner opts to withdraw his petition, a later-filed petition would not be considered second or successive, but when the petitioner chooses to continue with only his exhausted claims, he "risks subjecting later petitions that raise new claims to rigorous procedural obstacles." *Id.* The Court went on to state:

> As noted, the form [the petitioner] used in filing his first petition warned of just that consequence. There is no basis in our cases for supposing, as the Ninth Circuit did, that a petitioner with unexhausted claims who chooses the second of these options—who elects to proceed to adjudication of his exhausted claims—may later assert that a subsequent petition is not "second or successive" precisely because his new claims were unexhausted at the time he filed his first petition.

*Id.* Such reasoning, the Court explained, is inconsistent with *Lundy* and § 2244(b), and would result in rulings inconsistent with AEDPA's goal to streamline federal habeas proceedings and to reduce piecemeal litigation. *Id.*

In the case of Mr. McIntyre's initial petition, I determined it was a mixed petition and on the State's motion I stayed the case for Mr. McIntyre to exhaust his unexhausted claims in the state courts. (*See* N.D. Ohio Case No. 5:20-cv-2577, ECF #21). This was not Mr. McIntyre's preferred outcome, but the District Court upheld my order to stay the case over his objection. (*Id.,* ECF

9

#24). Had Mr. McIntyre opted for the stay, he could have pursued his state-court remedies to exhaustion and returned to federal court with a petition containing fully exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Instead, Mr. McIntyre moved to dismiss five of the six grounds for relief and requested I lift the stay to review the remaining exhausted ground. (*Id.*, ECF #34). In a signed affidavit, Mr. McIntyre acknowledged the risks associated with abandoning his unexhausted claims, including the possibility he might be precluded from pressing them in a later-filed petition. (*Id.*, ECF #35). I then allowed Mr. McIntyre to file an amended complaint with the one claim for relief. (*Id.*, ECF #36, 37). Later, the District Judge adopted my Report and Recommendation to dismiss the petition. (*Id.*, ECF #47, 54).

According to Mr. McIntyre, the petition at issue is not a second or successive petition because he raised unexhausted claims in the initial petition, dismissed them from the petition, exhausted them in the state courts, and brought them back to federal court. (ECF #6 at PageID 49). He contends his unexhausted claims were not ripe at the time he brought his prior petition, like the circumstances in *Stewart*. (*Id.*). I disagree.

The procedural posture of Mr. McIntyre's current petition is dissimilar to the *Ford* claim asserted in *Stewart*. Under *Ford*, the Eighth Amendment prohibits the State from inflicting the death penalty on a prisoner who is insane. *Ford*, 477 U.S. 410. A *Ford* claim becomes ripe for a court's consideration when the prisoner's execution is imminent, because an individual's competency to be executed cannot properly be assessed until that time. *See Stewart*, 523 U.S. at 644-45. In *Stewart*, the Court reasoned the prisoner's *Ford* claim—raised in a prior petition and dismissed as unripe—should be treated "in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies," because to hold otherwise

10

"would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* In this case, Mr. McIntyre asserted five grounds for federal habeas relief that were identical to five claims pending relief on postconviction proceedings in the state courts. (*Compare* ECF #1 at PageID 19-29 *with* N.D. Ohio Case No. 5:20-cv-2577, ECF #1 at Page 12-15). His claims were ripe but not exhausted. When this Court gave Mr. McIntyre time to pursue his state court remedies to exhaustion and return to federal court with a fully exhausted petition, he asked to set aside his unexhausted claims and proceed with just the exhausted claim. Dissimilar to *Stewart*, his claims were not dismissed as premature but set aside at his request so this Court would consider the sole exhausted claim (a voluntary choice).

This petition is a second and successive because Mr. McIntyre "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Burton,* 549 U.S. at 153. He declined to stay his first petition and instead dropped the unexhausted claims and amended the petition to assert just the exhausted claim. As the Supreme Court noted in *Burton*, the prevailing case law does not suggest that a petitioner who chooses that route may assert his later-filed petition is not second or successive because the claims were not exhausted at the time he filed his first petition. *Id.* at 154.

## CONCLUSION AND RECOMMENDATION

For these reasons, I recommend the District Court **TRANSFER** the petition to the Sixth Circuit for authorization to file a second and successive petition under 28 U.S.C. § 2244.

Dated: November 19, 2025

11

```
_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE
```

<u>Objections, Review, and Appeal</u>

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).