**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEWIS LEROY MCINTYRE, JR., | ) | CASE NO. 5:25-cv-1226 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge

Darrell A. Clay. (R. 8). Petitioner Lewis Leroy Mcintyre, represented by counsel, filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 11, 2025. (R. 1). On July 10,

2025, the Court ordered Petitioner to file a brief in thirty days explaining why this matter should

not be transferred to the Sixth Circuit Court of Appeals as a second or successive petition, as

Petitioner, represented by the same counsel, had previously filed a petition challenging the same

conviction. (R. 3).

On August 18, 2025, Petitioner filed a brief (R. 6) to which Respondent Harold May filed

a response. (R. 7). On October 17, 2025, the Court referred the matter to the assigned magistrate

judge for a report and recommendation. Magistrate Judge Clay's Report and Recommendation

(R&R) recommends that the District Court transfer the petition to the Sixth Circuit for

authorization to file a second and successive petition under 28 U.S.C. § 2244 (R. 8). Petitioner

timely objected. (R. 10). Respondent did not file a response.

The R&R, (R. 8), is adopted in its entirety, for the following reasons.

## I. Standard of Review

A district court must conduct a de novo review of any portion of the R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## II. Background & Analysis

The R&R accurately sets for the background of this case, and the objections do not challenge any aspect of the Magistrate Judge's recitation.

> Mr. McIntyre's petition challenges the judgment of conviction and sentence in Summit County Common Pleas Court Case No. CR-91-01-0135. (ECF #1 at PageID 1). He previously challenged the same state-court judgment in a prior application for federal habeas relief. (*See McIntyre v. Schweitzer*, No. 5:20-cv-2577 (N.D. Ohio Mar. 14, 2025), ECF #1 at PageID 1). In his first petition, Mr. McIntyre initially raised six grounds for relief:

> Ground One: McIntyre's due process rights under the 14th Amendment, per *Brady v. Maryland*, 373 U.S. 83, 87 (1963), were violated when the State failed to disclose to his trial counsel the police reports naming Tyrone Howard as a suspect and having a direct involvement in the incidents that McIntyre was convicted of.

> Ground Two: McIntyre's rights to due process and equal protection under the 14th Amendment were violated as his statutory right, under O.R.C. § 2953.02, to direct appellate review of his February 3, 2016 judgment of conviction, was frustrated by the Ninth District Court of Appeals, sua sponte and without advance notice or warning, arbitrarily and capriciously refusing to address his assignments of error on the merits.

> Ground Three: McIntyre's rights to due process and equal protection under the 14th Amendment were violated as his statutory right, under O.R.C. § 2953.02, to direct appellate review of his February 3, 2016 conviction, was frustrated by the trial court destroying his trial exhibits, thereby depriving him of a complete record for appellate review.

> Ground Four: McIntyre's right to a fair trial under the 14th Amendment was violated because of an accumulation of multiple and persistent errors.

2

> Ground Five: McIntyre's right to effective assistance of counsel under the 6th Amendment was violated. Trial counsel failed to subpoena three witnesses.
>
> Ground Six: McIntyre's prison sentence is in excess of the statutory maximum HB 86, which he was entitled to be sentenced under when the trial court cranked out a final appealable order in 2016. This violates the 4th Amendment and Due Process and Equal Protection Clauses of the 14th Amendment.

(*Id*., ECF #1 at PageID 17-27).

Respondent Harold May, then-Warden of the Mansfield Correctional Institution (hereinafter the State), noted Mr. McIntyre's petition contained a mix of unexhausted and exhausted claims (a "mixed" petition) and requested the district court stay the case and hold the matter in abeyance for Mr. McIntyre to exhaust all his federal claims in the state courts. (*Id*., ECF #21). I stayed the matter and, over Mr. McIntyre's objection, the district court upheld my order. (*Id*., ECF #24). Mr. McIntyre then moved to dismiss five of the six grounds for relief and requested I lift the stay to consider the remaining claim. (*Id*., ECF #34). In short, Mr. McIntyre wished to withdraw his unexhausted claims to pursue the sole exhausted claim. After confirming Mr. McIntyre understood that voluntary withdrawal of those five claims might prevent him from pursuing them on habeas review again, even if subsequently exhausted in the state courts (*see id*., ECF #35), I lifted the stay and ordered Mr. McIntyre to file an amended petition asserting the remaining claim for relief (*id*., ECF #36). In my Report and Recommendation, I recommended dismissing Mr. McIntyre's petition as untimely and, alternatively, denying the sole claim for relief. (*Id*., ECF #47). The district judge adopted my report and recommendation and dismissed the petition. (*Id*., ECF #54; *see also McInture v. Schweizer*, No. 5:20-cv-02577, 2025 WL 809963 (N.D. Ohio March 14, 2025)).

(R. 8, PageID# 58-60).

The instant habeas petition reasserts four of Petitioner's previously withdrawn claims (Grounds One, Three, Four, and Five) and raises an adjacent claim of appellate court error in a postconviction proceeding (Ground Two). (R. 1).

"McIntyre largely agrees with the Magistrate Judge's recitation of case law," but believes "the Magistrate Judge arrived to the wrong conclusion in this case." (R. 10, PageID# 74). Petitioner maintains that the R&R "incorrectly concluded that McIntyre's claims were ripe, but

3

not exhausted." *Id.* However, the objections are perfunctory and do not develop any meaningful argument other than professing disagreement with the R&R's conclusions. *Id*. The objections suggest that his claims were not ripe because *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470 (Ohio 2022) was not issued until after he filed his first habeas petition. (R. 10, PageID# 74). Petitioner, however, does not develop an argument asserting how a state court's decision impacts the ripeness of a federal habeas claim. Moreover, in the first habeas proceeding, Petitioner, through counsel, filed an Amended Petition on August 9, 2022—several months after *Bethel* was decided on March 22, 2022. (R. 37). Though Petitioner presumably would argue that any argument he premised on *Bethel* would have been unexhausted, that does not render the claim unripe. He could have dismissed his habeas petition as unexhausted, and pursued his claims when they were all exhausted, but he opted to do the opposite. He dismissed all his unexhausted claims and opted to proceed on one claim.

This issue is squarely and accurately addressed by the R&R where it quotes the Supreme Court as stating that "[t]here is no basis in our cases for supposing … that a petitioner with unexhausted claims who chooses the second of these options—who elects to proceed to adjudication of his exhausted claims—may later assert that a subsequent petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition." R. 8, PageID# 66, *quoting Burton v. Stewart*, 549 U.S. 147, 154, 127 S. Ct. 793, 797 (2007). As set forth in the quoted portion of the R&R above, McIntyre understood that voluntary withdrawal of unexhausted claims could prevent him from pursuing them in a subsequent habeas petition, even if subsequently exhausted in the state courts.

The Court agrees with the R&R's analysis that the petition is second or successive. Therefore, without prior authorization from the Sixth Circuit, this Court lacks jurisdiction to

consider the petition. *Brand v. Warden, Pickaway Corr. Inst.*, No. 1:22cv406, 2022 WL 17600897, at *1-2 (S.D. Ohio Dec. 13, 2022); *Palmer v. Bradshaw*, No. 3:10cv78, 2010 WL 1389604, at *1 (S.D. Ohio Mar. 4, 2010), *report & recommendation adopted*, 2010 WL 1389607 (S.D. Ohio Mar. 30, 2010). The "Court must transfer [the petition] to the Sixth Circuit for consideration." *Brand*, 2022 WL 17600897, at *2. As such, the R&R is adopted, and the Court will transfer the petition to the Sixth Circuit.

### III. Conclusion

The Court has carefully reviewed the Petition, the Magistrate Judge's R&R, as well as the Petitioner's objections according to the above-referenced standard. The Court agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's R&R, (R. 8), is ADOPTED. The matter is hereby TRANSFERRED to the Sixth Circuit for consideration as a request by Petitioner to authorize a second or successive petition.

IT IS SO ORDERED.


Date: July 21, 2026                          s/ *David A. Ruiz*
                                             David A. Ruiz
                                             United States District Judge


5